**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DIANNE SIMA,

    Plaintiff,

-vs-                                              CASE NO.:

TRANSUNION LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Dianne Sima (hereinafter "Plaintiff"), sues Defendant, TransUnion, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.     Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6.     TransUnion LLC ("Trans Union") is a corporation with its principal place of business located at 555 West Adams St., Chicago, IL 60661, authorized to conduct business in the State of Florida through its registered agent, The Prentice Hall Corporation System, located at 1201 Hays Street, Tallahassee, Florida 32301.

7.     Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9.     Plaintiff had a home equity line of credit (HELOC) account with non-party Bank of America, N.A. ("BANA").

10.    Trans Union was reporting the BANA HELOC account as "charged off", which Plaintiff disputed.

11.    Plaintiff sent a dispute notice to Trans Union regarding the BANA HELOC account's charged off status.

12. Plaintiff also filed a report with the Consumer Financial Protection Bureau regarding the BANA HELOC account's charged off status.

13. Subsequently, Plaintiff applied for credit and was denied.

14. Plaintiff was advised by her prospective lender that she was denied a loan because Trans Union was now reporting the BANA HELOC account as "included in Chapter 7 bankruptcy."

15. The information being reported by Trans Union regarding the BANA HELOC account is false. The BANA HELOC account was never included in a Chapter 7 bankruptcy.

16. Plaintiff sent a subsequent dispute letter to Trans Union regarding the BANA HELOC account's "included in chapter 7 bankruptcy" status.

17. Trans Union responded with a letter stating that Plaintiff's "disputed information and other information [was] updated"; however the account Trans Union investigated was a BANA credit card account and not the BANA HELOC Plaintiff had disputed.

18. To this day, Trans Union continues to report false and inaccurate information regarding Plaintiff on her credit report.

19. Plaintiff provided Trans Union with ample information and supporting documentation supporting her position in all of her formal disputes. However, Trans Union failed to properly investigate Plaintiff's claims.

20. Plaintiff has been denied credit as a result of the actions and/or inactions of Trans Union.

21. As a result of the conduct, action, and/or inaction of Trans Union, Plaintiff has suffered from the embarrassment and humiliation of credit denials.

22. As a result of the conduct, action, and/or inaction of Trans Union, Plaintiff has suffered from unnecessary worry, fear, anxiety, stress, and anger.

23. As a result of the conduct, action and/or inaction of Trans Union, Plaintiff has wasted countless hours of her personal time.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Trans Union

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

26. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered from a denial of credit, loss of her personal time, and the emotional distress described in this Complaint.

27. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

28. In the alternative, Trans Union was negligent, entitling Plaintiff to recover under 15 USC § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Trans Union

30. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

31. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32. Trans Union had all of the documentation it needed to know that the information it was reporting was erroneous. However, Trans Union failed to do any meaningful reinvestigation into Plaintiff's dispute, and in at least one instance did not even investigate the account Plaintiff was disputing.

33. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; financial loss; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report and credit denials.

34. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

35. In the alternative, Trans Union was negligent, entitling Plaintiff to recover under 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, her attorney's fees and costs; pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*